**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| AMERICAN ALTERNATIVE INSURANCE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>PAUL MACIP, et al.,<br><br>Defendants. | ) | Case No. CIV-25-1486-PRW |

**ORDER**

Before the Court is Plaintiff's Motion for Default Judgment (Dkt. 14) against Defendants Paul Macip; MIA General Contracting, LLC ("MIA"); Luck E Strike, LLC ("Luck E Strike"); Ohopaki General Contracting & Mechanical, Inc. ("Ohopaki"); Mimic Manufacturing, LLC ("Mimic"); Robert Lynn White; Virginia L. White; and Brandy Renee Dodd. Plaintiff obtained a clerk's entry of default against all Defendants other than Mr. Macip on March 10, 2026,[1] and against Mr. Macip on August 18, 2026.[2]

Before entering a default judgment, a district court must determine whether it has jurisdiction over the action.[3] Plaintiff brings this action pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Accordingly, there must be complete diversity of citizenship between Plaintiff and Defendants for this Court to have subject-matter

---

[1] Clerk's Entry of Default (Dkt. 11).

[2] Clerk's Entry of Default (Dkt. 13).

[3] *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767 (10th Cir. 1997).

jurisdiction.[4] Taking the Complaint's well-pleaded factual allegations as true, the Court determines that the record establishes diversity of citizenship between Plaintiff and all Defendants except for MIA, Luck E Strike, and Mimic.

First, the Court addresses the citizenship of Plaintiff and Ohopaki, both of which are corporations. Under § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Plaintiff is a Delaware corporation with its principal place of business in New Jersey, while Ohopaki is an Oklahoma corporation with its principal place of business in Oklahoma.[5] Accordingly, Plaintiff is a citizen of Delaware and New Jersey, and Ohopaki is a citizen of Oklahoma.

Next, the Court addresses the citizenship of the individual Defendants. An individual's citizenship turns on their domicile.[6] "Residence alone is not the equivalent of citizenship, but the place of residence is *prima facie* the domicile."[7] The Complaint establishes that Mr. Macip is a resident of Louisiana, while Mr. White, Ms. White, and Ms. Dodd are residents of Oklahoma.[8] There is nothing in the record to indicate that any of these Defendants are domiciled elsewhere. As the allegations of residence are not disputed,

---

[4] *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

[5] Compl. (Dkt. 1), at ¶¶ 1, 5.

[6] *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).

[7] *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (citation omitted).

[8] Compl. (Dkt. 1), at ¶¶ 2, 7–9.

the Court concludes that Mr. Macip is a citizen of Louisiana, and that each of the other individual Defendants are citizens of Oklahoma.

Finally, the Court addresses the citizenship of MIA, Luck E Strike, and Mimic, all of which are limited liability companies ("LLCs"). In the Tenth Circuit, an LLC "takes the citizenship of all its members."[9] "If any member of an unincorporated entity is itself an unincorporated entity, then the plaintiff must identify that unincorporated entity's members and those members' citizenship, tracing through however many layers necessary to reach either a corporation or a natural person."[10] Here, the Complaint establishes that the LLC Defendants are organized in Oklahoma and have their principal places of business in Oklahoma—except for Luck E Strike, which has its principal place of business in Arkansas. The Complaint also establishes that each of the LLC Defendants' managing members reside in Oklahoma.[11] But it does not establish whether there are any other members of each LLC and, if so, the states of which they are citizens. Accordingly, the Court cannot conclude that the LLC Defendants are diverse from Plaintiff.

Because the Court cannot determine, on the present record, whether it has jurisdiction over this action, the Court **ORDERS** Plaintiff to submit supplemental allegations or evidence as to the citizenship of the LLC Defendants on or before November

---

[9] *Siloam Springs Hotel*, 781 F.3d at 1234, 1237–38 (citation omitted).

[10] *Choice Hospice, Inc. v. Axxess Tech. Solutions, Inc.*, 125 F.4th 1000, 1009 (10th Cir. 2025) (citation and internal quotation marks omitted).

[11] Compl. (Dkt. 1), at ¶¶ 3–4, 6.

23, 2026.[12] The supplement(s) shall identify each member of the LLCs as of the time the Complaint was filed and their citizenship as of the time the Complaint was filed.[13] In the alternative, or if Plaintiff determines that complete diversity does not exist between the parties, Plaintiff **SHALL** explain whether dismissal of the non-diverse parties is appropriate under Federal Rules of Civil Procedure 19 and 21.

**IT IS SO ORDERED** this 9th day of November 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

[12] 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

[13] *Siloam Springs Hotel*, 781 F.3d at 1239 ("the relevant time period for determining the existence of complete diversity is the time of the filing of the complaint." (citations omitted)).